T.C. Summary Opinion 2007-174


UNITED STATES TAX COURT


LILLIE M. TRIPP, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5257-06S.                    Filed October 9, 2007.


Lillie M. Tripp, pro se.

Nancy P. Klingshirn and Dennis G. Driscoll, for respondent.


     JACOBS, Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect

at the time the petition was filed.[1]  Pursuant to section 7463(b),

the decision to be entered is not reviewable by any other court,

_____

     [1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the years in
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioner's Federal income tax of $7,799, $10,001, and $3,290 for 2002, 2003, and 2004, respectively. In addition, respondent determined that petitioner was liable for accuracy-related penalties under section 6662 of $1,559.80 for 2002, $2,000.20 for 2003, and $658 for 2004. The deficiencies arose as a consequence of respondent's disallowance of deductions petitioner claimed for losses in connection with her partnership interest in the LB Tripp & Tripp Group (the Tripp partnership). Embedded in the 2003 loss was a $24,052 salary expense deduction for the value of cash and equipment transferred to a third party in exchange for services rendered to the partnership.

Respondent also determined a deficiency in the 2003 income tax of petitioner's former husband, Richard Powell Tripp (Mr. Tripp), stemming from the disallowance of a deduction claimed for a loss with respect to his interest in the Tripp partnership.[2] Mr. Tripp timely petitioned this Court, and his case at docket No. 5256-06S was consolidated with the instant case for trial. After

---

[2]The disallowed deduction for a loss in Mr. Tripp's case was in part attributable to the same $24,052 deduction for a salary expense as in petitioner's case.

trial, respondent conceded the case involving Mr. Tripp. That case was thereafter severed from the instant case, and a stipulated decision was entered.

After concessions by respondent herein, the issues we must decide are: (1) Whether petitioner had a basis in her interest in the Tripp partnership sufficient to entitle her to deduct her distributive share of the Tripp partnership losses in 2002, 2003, and 2004; (2) whether the Tripp partnership may deduct $24,052 as a salary expense in 2003; and (3) whether petitioner is liable for accuracy-related penalties under section 6662 for 2002, 2003, and 2004.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

During the years in issue, petitioner was employed full time by a pharmaceutical company as a customer solutions manager. She timely filed income tax returns for 2002, 2003, and 2004 in which she reported wage income of $80,291, $80,562, and $126,671 respectively. During the same period, petitioner owned an 80-percent interest in the Tripp partnership, a general partnership which was formed under the laws of Ohio to provide personal care hair services and nail services through a beauty salon. Mr. Tripp owned the remaining 20-percent partnership interest.

The Tripp partnership agreement provided that petitioner's initial capital contribution would be $60,000 in cash and Mr. Tripp's contribution would be goods, property, and services valued by the parties to the agreement at $15,000. The Tripp partnership commenced its beauty salon operation on January 1, 2002. The beauty salon did not generate income in any of the years in issue and ceased operations in June of 2003.

The Tripp partnership timely filed a Form 1065, U.S. Return of Partnership Income, for each of the years in issue. Attached to each partnership return was a schedule showing each partner's distributive share of income or loss. A schedule furnished to respondent with the 2003 partnership return (but not with the 2002 or the 2004 return) reported petitioner's basis in the Tripp partnership.[3] In accordance with the amounts that were reported on each Form 1065, petitioner deducted $30,681 as her distributive share of the Tripp partnership loss on her 2002 return, $26,342 as her distributive share of the Tripp partnership loss on her 2003 return, and $9,302 as her distributive share of the Tripp partnership loss on her 2004 return.[4] Except for one item of

---

[3] The schedule for 2003 showed that petitioner's basis in her partnership interest at the beginning of the year was $4,332, that her partnership contributions during the year totaled $30,000, that her distributive share of the partnership's loss was $26,342, and that her partnership basis at the end of the year was $7,990.

[4] The beauty salon continued to generate losses after it
(continued...)

partnership expense (i.e., $24,052 as a salary expense in 2003), respondent no longer contests the amount of losses reported by the Tripp partnership for any of the years in issue.  However, respondent posits that petitioner is not entitled to deduct her distributive share of those losses, maintaining that she lacks a sufficient basis in the partnership to do so.

As stated above, respondent contests a $24,052 salary expense that the Tripp partnership deducted in 2003.  That expense represents the value of property (cash and used beauty salon equipment) transferred to a cosmetologist who had rendered services to the Tripp partnership.  Respondent does not dispute that cash and equipment were transferred to the cosmetologist in exchange for services rendered to the Tripp partnership but rather contests the value claimed for the property transferred. Moreover, respondent contends that Mr. Tripp, rather than the Tripp partnership, was the owner of the property before the transfer.

## Discussion

Rule 142(a)(1) provides that the burden of proof is on respondent with respect to any new matter.  Respondent concedes that the issue as to whether petitioner had a sufficient basis in her interest in the Tripp partnership to use the partnership

---

[4](...continued)
ceased operating, because of storage expenses for its equipment.

losses incurred in 2002, 2003, and 2004 is new matter and therefore acknowledges that he bears the burden of proof with respect to this issue.

Section 704(d) limits the deductibility of a partner's distributive share of partnership losses. Those losses are deductible only to the extent of the adjusted basis of the partner's interest in the partnership. Sennett v. Commissioner, 80 T.C. 825 (1983), affd. 752 F.2d 428 (9th Cir. 1985). A partner's adjusted basis in the partnership is essentially the partner's contribution to the partnership increased by the partner's distributive share of partnership income and decreased by all cash distributions and the partner's distributive share of partnership losses. Sec. 705(a). If a partner's distributive share of partnership losses is greater than the partner's available adjusted basis, the excess loss cannot be deducted in that year but must instead be carried forward until the partner has an adjusted basis sufficient in amount to offset the amount of the loss. See sec. 1.704-1(d)(1), Income Tax Regs.

Respondent contends that petitioner, notwithstanding her obligation to contribute $60,000 to the Tripp partnership pursuant to the partnership agreement, failed to establish that (1) she made such an initial capital contribution (which would have given her a basis in her partnership interest), or (2) she subsequently paid any partnership liabilities which would be considered capital

contributions. Continuing, respondent contends that as the Tripp partnership never generated income, petitioner's adjusted basis was not sufficient to permit her to deduct her distributive share of partnership losses in any of the years in issue. In support of his contention, respondent points to the lack of documentary evidence regarding the initial contribution by petitioner as well as the lack of evidence regarding her subsequent payment of partnership debt. While petitioner did not document her capital contributions to the Tripp partnership, we are satisfied, after observing her while she testified, that she did in fact make such contributions.

The Tripp partnership financial records, prepared using the cash method of accounting, show, and respondent does not contest, that the beauty salon the partnership operated was not profitable during 2002 or 2003 and continued to generate losses in 2004 even though it ceased operations in June of 2003. The expenses of the Tripp partnership routinely exceeded its revenues, and the record reveals that virtually all of the partnership expenses were paid in cash. Depreciation was not significant because the partnership leased its equipment and premises.

Mr. Tripp did not have the resources to make meaningful cash contributions to the partnership to cover its operating shortfall. Rather, it was petitioner who had the resources (from her substantial wage income), and she testified forcefully and

credibly that she paid the partnership's shortfall.  In this
regard, when asked about her participation in the partnership's
affairs, petitioner stated:

> I still am paying the bills out of my check from our
> 401(k) for this business right now.  I am still paying
> for it after it is gone. * * * I have given my money up
> through all of the money avenues that I had, whether it
> was my 401(k), or whether it was my equity loans, my
> cash, my own wages, my bonus checks, as well as credit
> cards.  I have been paying, and paying, and paying to
> try and help keep the business afloat at the time that
> it was active, and afterwards I am paying because I like
> keeping my credit and everything being A-1.

In any event, we find that respondent failed to carry his
burden of showing that petitioner did not make contributions to
the partnership in amounts sufficient to give her an adjusted
basis in her partnership interest at least equal to the claimed
deductions for losses for the taxable years in issue.

With respect to the second issue--i.e., the allowance of a
deduction for salary expense in 2003 for the value of property
(cash and equipment) transferred to the cosmetologist in exchange
for services--section 162(a)(1) allows as a deduction "a
reasonable allowance for salaries or other compensation for
personal services actually rendered".

Respondent does not dispute that a transfer of cash and
equipment took place and that the recipient was an experienced
cosmetologist with whom Mr. Tripp had had previous business

dealings.[5] Mr. Tripp testified that the cosmetologist collaborated with the Tripp partnership as an independent contractor and that during a period in which Mr. Tripp was hospitalized, the cosmetologist helped ensure the continued operation of the Tripp partnership beauty salon. Mr. Tripp stated that the Tripp partnership, as opposed to Mr. Tripp personally, transferred cash and used equipment to her. Nothing in the record indicates that the transfer was other than by the Tripp partnership and was other than at arm's length.

While it is true, as respondent points out, that the record does not contain any documentary substantiation as to the amount of cash or the precise value of the transferred equipment, we are satisfied from Mr. Tripp's testimony that the value of the items transferred was $24,052 as claimed by the Tripp partnership. We found Mr. Tripp's testimony credible, and his testimony was uncontroverted by any evidence submitted by respondent.[6]

Because we hold that petitioner was entitled to the claimed deductions for losses from her interest in the Tripp partnership and that the Tripp partnership was entitled to a $24,052 salary

---

[5]Mr. Tripp had contemplated the sale of a beauty salon (other than the one operated by the Tripp partnership) to the same cosmetologist in 1999 in an arm's-length transaction. That sale was not consummated.

[6]Moreover, we are mindful that respondent raised the same issue in Mr. Tripp's case and subsequently conceded it. See supra note 2.

expense deduction, petitioner is not liable for accuracy-related penalties under section 6662.

<u>Decision will be entered</u>

<u>for petitioner</u>.
